UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | Case No. 18 CR 696 |
|---|---|
| v. | Judge John Robert Blakey |
| ASHRAF AL SAFOO | |

**PROTECTIVE ORDER PERTAINING
TO SENSITIVE DISCOVERY MATERIALS**

WHEREAS, the parties agree that they have a compelling interest in preventing certain sensitive discovery materials, including declassified material[1] (collectively "Sensitive Discovery Materials"), from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations; and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the government seeks to tender to the defendant certain Sensitive Discovery Materials;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two

---

[1] As used herein, the term "Declassified Materials" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the government to defense counsel as part of discovery in this case.

categories: (1) General Discovery Materials, and (2) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the government;

IT IS FURTHER ORDERED that defendant is prohibited from taking Sensitive Discovery Materials, or copies thereof, into any jail facility, or possessing the materials or copies in any such facility, except when reviewing the materials in the presence of his defense counsel or staff assisting defense counsel, and is further prohibited from disseminating or discussing the discovery with any individuals other than authorized persons. Defense counsel may review the materials with the defendant, but may not permit the defendant to retain the materials, or copies thereof;

IT IS FURTHER ORDERED that Sensitive Discovery Materials shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained or consulted to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for the defendant or co-counsel may

not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses, except as noted above for experts. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that no Sensitive Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained or consulted by the defense team, or any duly authorized witness unless that person shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order;

IT IS FURTHER ORDERED that all discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all discovery materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written

request of the Government, all discovery materials shall be returned to the Government;

IT IS FURTHER ORDERED that defense counsel in receipt of Sensitive Discovery Materials may only make copies of the Sensitive Discovery Materials in accordance with this order. Defense counsel shall not remove from any copies of either General Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that, to the extent any material is produced by the United States to defendant or defendant's counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendant and/or defendant's counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

Dated:   January 15, 2019

                                            Entered:

                                            _____
                                            John Robert Blakey
                                            United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHRAF AL SAFOO | Case No. 18 CR 696<br><br>Judge John Robert Blakey |

MEMORANDUM OF UNDERSTANDING

I, _____, acknowledge that I have received, read, and understand the Protective Order entered by the Court on January 14, 2019, in this case, and I agree to comply with its. I understand that I may be the recipient of certain discovery material, including documents marked as Sensitive Discovery Materials, that may include information relevant to ongoing national security investigations and prosecutions, and may implicate the privacy interests of the defendant and third parties. I understand that direct or indirect unauthorized disclosure, retention, or negligent handling of the Sensitive Discovery Materials I receive or review could cause serious damage to the other national security investigations and prosecutions, and/or impact the privacy interests of the defendant or third parties.

I agree that I shall never divulge, publish, or reveal either by word, conduct, or any other means, such Sensitive Discovery Materials unless specifically authorized in writing to do so by an authorized representative of the United States Government; or as authorized by the Court pursuant the Protective Order entered in this case.

I agree that this Memorandum and any other nondisclosure agreement signed by me in connection with this case will remain forever binding upon me, even after

the conclusion of this case and any subsequent related proceedings including the appellate process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Name

_____
Signature

_____
Witness Name

_____
Witness Signature

_____
Date