```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


 UNITED STATES OF AMERICA,              )  No. 18 CR 696
                                        )
              vs.                       )
                                        )
 ASHRAF AL SAFOO, also known as Abu     )
 Al-Abbas Al-Iraqi, also known as       )
 Abu Shanab, also known as Abbusi,      )  Chicago, Illinois
                                        )  October 25, 2018
              Defendant.                )  1:36 p.m.


                      TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HON. M. DAVID WEISMAN, MAGISTRATE JUDGE


 APPEARANCES:

 For the Government:      MR. VIKAS K. DIDWANIA
                          MS. MELODY WELLS
                          MR. PETER S. SALIB
                          United States Attorney's Office,
                          219 South Dearborn Street, Room 500,
                          Chicago, Illinois  60604

 For the Defendant:       MR. GEOFFREY M. MEYER
                          MR. DANIEL P. McLAUGHLIN
                          Federal Defender Program,
                          55 East Monroe Street, Suite 2800,
                          Chicago Illinois  60603
```

PATRICK J. MULLEN
Official Court Reporter
United States District Court
219 South Dearborn Street, Room 1412
Chicago, Illinois  60604
(312) 435-5565

1    THE CLERK:  18 CR 696-1, U.S.A. versus Ashraf Al
2 Safoo.
3    MR. DIDWANIA:  Good afternoon, Your Honor.  Vikas
4 Didwania, Melody Wells, and Pete Salib on behalf of the United
5 States.
6    THE COURT:  Good afternoon.
7    MR. MEYER:  Good afternoon, Judge.  Geoffrey Meyer and
8 Dan McLaughlin from the Federal Defender Program on behalf of
9 Mr. Al Safoo.
10    THE COURT:  Good afternoon.  I'm told that the defense
11 is seeking a continuance.
12    MR. MEYER:  We are, Judge.  I know the Court received
13 a copy of the pretrial services report earlier, as did we.
14 There was some confusion about getting Mr. Al Safoo's family in
15 touch with pretrial.  We've resolved that now, but we expect
16 that there will be a supplemental report.
17    THE COURT:  Okay.
18    MR. MEYER:  We've spoken to the Government and your
19 courtroom deputy, and we're preliminary suggesting --
20 preliminarily suggesting Wednesday at 1:30 for the continued
21 detention hearing.
22    THE COURT:  All right.  Then that's good with us,
23 Ms. Owens?
24    THE CLERK:  Yes.
25    THE COURT:  And that works for the Government?

1  MR. DIDWANIA: Yes, that's fine, Judge.

2  THE COURT: While you're here, I want to raise another
3 issue, and this has come up in other cases. The Government
4 initially moved for detention based on risk of flight and
5 danger to the community. I'm going to give a couple citations
6 for both sides to look at.

7  Under 3142, there's only certain offenses that can
8 constitute danger to the community. I think the practice of
9 the U.S. Attorney's office is just to throw that out there, but
10 as I read the statute, and more importantly as courts of
11 appeals, not the Seventh Circuit but other circuits have looked
12 at it, there's only certain types of offenses that you can use
13 danger to the community as a basis for detention. I'm
14 interested in hearing from both sides whether they believe this
15 offense constitutes one of the prerequisite or requisite
16 offenses, and from the Government in particular, if you do,
17 under what theory.

18  United States versus Byrd, B-y-r-d, 969 F. 2d 106,
19 that's a Fifth Circuit case. United States versus Ploof,
20 P-l-o-o-f, 851 F. 2d 7, that's a First Circuit case. United
21 States versus Himler, H-i-m-l-e-r, 797 F. 2d 156, that's a
22 Third Circuit case. I'll give you a Westlaw cite for a Central
23 District district court case. I actually did this research
24 myself. I think this case collects all the cases I just gave
25 you, but just to be sure, 2014 WL 3375028, and that's United

1 States versus Morgan.
2 So you can argue it on the 31st. If you want to file
3 something, you can. As I said, I did this research myself. I
4 think it's pretty straightforward. I'm interested as to the
5 theory of the statutory basis for danger to the community.
6 Risk of flight is obviously a whole separate issue and is
7 always applicable.
8 All right. We'll see you on the 31st.
9 MR. DIDWANIA: Judge, one other matter. As we
10 indicated in the record last week, we're in the process of
11 producing early discovery to the defense. We've spoken with
12 the defense, and we've come up with an agreed proposed
13 protective order. So if I can just make an oral motion for
14 entry of the protective order, I have copies of the proposed
15 order if I can hand them up, Judge.
16 THE COURT: Sure. And it is agreed --
17 MR. McLAUGHLIN: Yes, Your Honor.
18 THE COURT: -- by defense counsel?
19 MR. MEYER: It is, Judge.
20 THE COURT: Is this the U.S. Attorney's standard
21 protective order?
22 MR. DIDWANIA: It's mostly standard, Judge, but we --
23 THE COURT: Are there some FISA issues in here?
24 MR. DIDWANIA: There are not, but we've made it more
25 restrictive in the sense that distribution is limited to only

1 the attorneys of record.
2     THE COURT: All right. And you're amenable to that?
3     MR. MEYER: We are, Judge. There's a provision in
4 there as well that says that this will only go through the
5 indictment and we will renegotiate the protective order at that
6 time.
7     THE COURT: As I understand it, paragraph 4 allows the
8 defendant to see the materials but he cannot keep them, is that
9 correct?
10     MR. DIDWANIA: That's exactly right, Your Honor.
11     THE COURT: All right. I can enter it. Do you want
12 to send an electronic one, or do you want me to just sign this
13 and enter it that way?
14     MR. DIDWANIA: I can email an electronic version.
15     THE COURT: Okay. Thank you. Anything further from
16 the Government?
17     MR. DIDWANIA: Nothing from the Government.
18     MR. MEYER: Judge, we would ask the Court to grant us
19 leave to file subpoenas and have them returned early at this
20 point in forma pauperis.
21     THE COURT: For purposes of the detention hearing?
22     MR. MEYER: Going forward in the case.
23     THE COURT: And what's the Government's view on that?
24     MR. DIDWANIA: We have no objection, Judge.
25     THE COURT: I don't know if I have the authority to do

1  that, to be candid, since it's not an indicted case.
2          MR. DIDWANIA: I've never dealt with the issue either.
3          MR. McLAUGHLIN: I guess what we could do, Your Honor,
4  why don't we take another look at it. Then when we're back on
5  Wednesday, we can let Your Honor know what our position is.
6          THE COURT: Yes, I'd be open to it if there's
7  authority for it. I'm not aware of any. I'm not aware of any
8  contrary, but if you want that relief you'll just need to show
9  me I can do it.
10         MR. McLAUGHLIN: Understood.
11         THE COURT: All right. Anything further from the
12 defendant?
13         MR. MEYER: No, Judge.
14         MR. McLAUGHLIN: No, Your Honor.
15         THE COURT: All right. We'll see you next week.
16 Thank you very much.
17         MR. DIDWANIA: Thank you very much.
18         MR. MEYER: Thank you, Judge.
19      (Proceedings concluded.)
20                    C E R T I F I C A T E
21      I, Patrick J. Mullen, do hereby certify the foregoing
   is an accurate transcript prepared from an audio recording of
22 the proceedings had in the above-entitled case before the
   Honorable M. DAVID WEISMAN, one of the magistrate judges of
23 said court, at Chicago, Illinois, on October 25, 2018.
24                    /s/ Patrick J. Mullen
                      Official Court Reporter
25                    United States District Court
                      Northern District of Illinois