UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ASHRAF AL SAFOO,<br>   a/k/a Abu Al'-Abbas Al-Iraqi,<br>   a/k/a Abu Shanab,<br>   a/k/a Abbusi | No.  18 CR 696<br><br>Hon. John Robert Blakey |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO MOTION TO TAKE DEPOSITION PURSUANT TO RULE 15 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

The United States of America, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby respectfully submits this reply to the defendant's response to the government's motion to admit a deposition taken pursuant to Rule 15 of the Federal Rules of Criminal Procedure and to offer remote testimony of a witness during trial. Specifically, the government filed its motion seeking to admit the direct testimony of Yasir al-Anzi ("al-Anzi"), taken during a Rule 15 deposition on March 31, 2021, and to have al-Anzi complete his testimony remotely, via live two-way video from Iraq during trial.

The defendant does not oppose the use of live two-way video for the taking of al-Anzi's testimony contingent upon two caveats. First, the defendant wants the testimony to begin anew with the direct testimony in lieu of playing at trial the recording of the direct testimony that was previously taken pursuant to the Rule 15 deposition. The government has no objection to this request. The government

1

anticipates that because of security concerns and the time difference between Chicago and Iraq, the window to question the witness may be limited to approximately four hours per session. The testimony, therefore, may occur over two mornings.

Second, the defendant insists that any Iraqi official who was involved in the al-Anzi case, to include two Iraqi government officials who were present during the Rule 15 deposition, not be present during the live testimony. The defendant wraps this request around accusations of impropriety regarding the Iraq government's treatment of al-Anzi. The government disputes the defendant's unsupported accusations; however, the government does not oppose this request with the understanding that the government cannot demand that the Iraqi government comply. The government will make the request of the Iraqi government; however, if the Iraqi government refuses this request, the United States government has no mechanism by which to force these individuals' exclusion, and the live testimony should continue. The defendant's insistence on whom should be present during the testimony, and their grounds for such, goes to the weight of the testimony and not the admissibility. In determining the weight to give the testimony, the Court will be able to view al-Anzi's testimony live and will be able to assess the witness's credibility at that time. In addition, at the close of the trial, the defendant's accusation of mistreatment by the Iraqi government can be argued by the defendant as a credibility factor to be considered by the Court.

## CONCLUSION

For the reasons stated above, the government respectfully requests the Court grant the government's motion to permit remote testimony of the witness.

        Respectfully submitted,

        JOHN R. LAUSCH, Jr.
        United States Attorney

By:   /s/ *Barry Jonas*
        BARRY JONAS
        MELODY WELLS
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604

        ALEXANDRA HUGHES
        Trial Attorney
        Department of Justice
        National Security Division
        950 Pennsylvania Ave.
        Washington, D.C.

Dated: October 26, 2021