UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ASHRAF AL SAFOO,
  a/k/a Abu Al'-Abbas Al-Iraqi,
  a/k/a Abu Shanab,
  a/k/a Abbusi

No.   18 CR 696

Hon. John Robert Blakey

## PROPOSED INSTRUCTIONS AND VERDICT FORM

The UNITED STATES OF AMERICA, by ANDREW S. BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits, the following proposed instructions that have been agreed upon by the parties.

,
Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By:   */s/ Melody Wells*
      MELODY WELLS
      BARRY JONAS
      THOMAS P. PEABODY
      Assistant United States Attorneys

Dated: May 13, 2025

Counts Five, Seven, Nine, Eleven and Twelve charge the defendant with knowingly providing and attempting to provide material support and resources, namely, services (Counts Five through Eleven) or money (Count Twelve), to a foreign terrorist organization, namely, the Islamic State of Iraq and al Sham (ISIS) knowing that the organization was a designated foreign terrorist organization, or that the organization had engaged in and was engaging in terrorist activity and terrorism.

To find the defendant guilty of these charges, the government must prove the following elements beyond a reasonable doubt:

1. As to Counts Five, Seven, Nine and Eleven, the defendant knowingly provided and attempted to provide material support or resources, namely services, to a designated Foreign Terrorist Organization, namely ISIS;

   As to Count Twelve, the defendant knowingly provided and attempted to provide material support or resources, namely money, to a designated Foreign Terrorist Organization, namely ISIS; and

2. The defendant knew that ISIS was a designated Foreign Terrorist Organization, or that ISIS engaged or engages in terrorist activity, or that ISIS has engaged or engages in terrorism.

18 U.S.C. § 2339B(a)(1)
*United States v. Osadzinski*, 18 CR 696 (N.D.IL, Gettleman J.) Doc. #152

The government must prove beyond a reasonable doubt that the defendant knew that the Islamic State of Iraq and al Sham, also known as ISIS and the Islamic State, was a designated foreign terrorist organization or had engaged or was engaging in terrorist activity or terrorism.

The term "foreign terrorist organization" has a particular meaning under this statute. In order for an organization to qualify as a "foreign terrorist organization," the organization must have been designated as such by the Secretary of State through a process established by law. ISIS has been designated a foreign terrorist organization by the United States Secretary of State.

The term "terrorist activity" means any activity that, if it had been committed in the United States, would be unlawful under the laws of the United States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

*United States v. Osadzinski*, 18 CR 696 (N.D.IL, Gettleman J.) Doc. #152

The term "material support and resources" includes any services. The term "services" refers to concerted activity, not independent activity. Services provided as material support to a foreign terrorist organization includes advocacy or activity performed in coordination with, or at the direction of, a foreign terrorist organization. Independent activity or advocacy, however, is not prohibited.

The term "material support and resources" also includes currency or monetary instruments.

*United States v. Osadzinski*, 18 CR 696 (N.D.IL, Gettleman J.) Doc. #152

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

ASHRAF AL SAFOO,
   a/k/a Abu Al'-Abbas Al-Iraqi,
   a/k/a Abu Shanab,
   a/k/a Abbusi

No.   18 CR 696

Hon. John Robert Blakey

### **VERDICT**

As to Count One of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Two of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Three of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Four of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Five of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Six of the indictment, the Court finds defendant Ashraf al Safoo:

    GUILTY   ☐           NOT GUILTY   ☐

As to Count Seven of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

As to Count Eight of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

As to Count Nine of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

As to Count Ten of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

As to Count Eleven of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

As to Count Twelve of the indictment, the Court finds defendant Ashraf al Safoo:

GUILTY ☐                               NOT GUILTY ☐

_____

Hon. John Robert Blakey